IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLENN J. SCHNEIDER and )
CARRIE SCHNEIDER, )
)
      Plaintiffs, )
)
vs. )   Case No. 12-cv-0574-MJR-SCW
)
REGIONS BANK, )
)
      Defendant. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

A.   Introduction

In February 2012, Glenn and Carrie Schneider sued Regions Bank in the Circuit Court of St. Clair County, Illinois, alleging that Regions failed to timely close a credit account after the Schneiders fully paid off their debt, costing the Schneiders improperly charged late fees and resulting in derogatory credit reporting, a lower credit score, and the inability to refinance loans. Served with the complaint on March 29, 2012, Regions removed the action to this district court on April 30, 2012,[1] asserting subject matter jurisdiction under "11 U.S.C. § 1331" (Doc. 2, ¶ 4), which appears to be a typographical error meant to cite 28 U.S.C. 1331, the federal question statute.

---

[1] 28 U.S.C. 1446(b)(1) requires removal within 30 days after defendant receives formal service of the complaint. *See Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.,* **526 U.S. 344, 347-48 (1999).** Here, the 30th day fell on the weekend, so Regions got the benefit of Federal Rule of Civil Procedure 6(a)(1)(C), and removal was timely on Monday, April 30, 2012.

Regions asserts that Plaintiffs' claims arise under a federal law (the Fair Credit Reporting Act) and that any state law causes of action are preempted by the Fair Credit Reporting Act. Regions also moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) with prejudice (Docs. 5-6).

Plaintiffs responded on June 7, 2012 with a motion to remand this case to state court for lack of subject matter jurisdiction (Doc. 12). Regions filed a memorandum opposing remand on July 12, 2012 (Doc. 15). The remand motion ripened when the July 30, 2012 reply brief deadline elapsed (no reply brief was filed). For the reasons set forth below, the Court denies Plaintiffs' remand motion and grants Regions' dismissal motion.

B. Analysis

The question of jurisdiction must be resolved first. "Federal district courts are courts of limited jurisdiction" which 'possess only that power authorized by Constitution and statute.'" *Smart v. Local 702 Inter. Broth. Of Electrical Workers*, **562 F.3d 798, 802 (7th Cir. 2009),** *quoting Exxon Mobil Corp. v. Allapattah Servs., Inc.,* **545 U.S. 546, 552 (2005).** In 28 U.S.C. 1441, Congress authorized the removal of civil actions filed in state court over which federal courts enjoy original jurisdiction. *See Hukic v. Aurora Loan Serv.*, **588 F.3d 420, 427 (7th Cir. 2009).**

Here, Regions contends that original jurisdiction lies over Plaintiffs' claims under the federal question statute, 28 U.S.C. 1331. Section 1331 confers jurisdiction over cases that arise "under the Constitution, laws, or treaties of the United States." *Id.* **at 429,** *citing* **28 U.S.C. 1331.** Regions maintains that Plaintiffs' complaint

presents a question of federal law: "it appears that Plaintiffs are seeking damages from Regions Bank based upon a theory of inaccurate reporting of information to reporting agencies, which is not a common law cause of action, but arises under the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq." (Doc. 15, p. 2).   Additionally, Regions suggests that even if the complaint could be construed to an Illinois-law-based cause of action, the specific conduct at issue here, as alleged by Plaintiffs, would violate the provisions of (and therefore be preempted by) the Fair Credit Reporting Act.

It is well-established that to support the exercise of subject matter jurisdiction under § 1331, the "federal question must be part of the plaintiff's well-pleaded complaint; jurisdiction may not be 'predicated on an actual or anticipated defense.'" *Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., Inc.,* **658 F.3d 614, 619 (7th Cir. 2011),** *citing Vaden v. Discover Bank,* **556 U.S. 49 (2009), and** *Louisville & Nashville R.R. Co. v. Mottley*, **211 U.S. 149 (1908).**

Stated another way,

**A case arises under federal law if "'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"** *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 689–90 … (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28 (1983)); *see also Mims v. Arrow Fin. Servs., LLC,* –– U.S. ––, 132 S.Ct. 740, 744 … (2012) (long recognized that a "suit arises under the law that creates the cause of action" (quoting *Am. Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 … (1916))); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 … (2005) (§ 1331 satisfied by pleading "a cause of action created by federal law").

*Trustees of Carpenters' Health and Welfare Trust Fund of St. Louis v. Darr*, -- F.3d --, 2012 WL 3573360, *2 (7th Cir. Aug. 21, 2012)(emphasis added).  *See also Smart,* 562 F.3d at 802 (**the court determines the presence or absence of a federal question by examining the plaintiff's well-pleaded complaint,** ).

In the case at bar, the complaint alleges the following. Plaintiffs established an open-end credit account with Regions Bank on October 12, 2007. Plaintiffs gave Regions a mortgage on their Breese, Illinois home as security for the account.  Plaintiffs paid the credit account in full on May 16, 2008, at which time Regions should have closed the account.  Regions did not close the account.  Regions improperly continued to allow the account to exist.  Because the account was not closed in a timely manner, Plaintiffs were charged late fees.  The late fees resulted in derogatory credit reporting to Plaintiffs' credit bureau.  Regions knew the mortgage loan had been paid in full.  In fact, Regions *admitted* its error in a letter dated August 23, 2010 and promised to update Plaintiffs' credit report to delete any negative information. But as of April 30, 2012, despite this assurance by Regions and numerous requests by Plaintiffs, Regions still had not corrected or deleted the negative credit report with Plaintiffs' credit bureau.  Due to Regions' "derogatory reporting on their credit score," Plaintiffs have been unable to refinance loans or obtain new loans at lower interest rates.  Plaintiffs seek damages, attorney's fees, and costs from Regions.

The complaint does not mention any federal statute by name.  Neither does it mention any potential state law cause of action, such as defamation, infliction of emotional distress, negligence, or invasion of privacy.  Plaintiffs insist the true nature of

their claim against Regions is breach of fiduciary duty.  The complaint does not mention any fiduciary duty or allege the existence of any duty whatsoever.  As noted above, the complaint just alleges that Regions – despite knowing Plaintiffs' mortgage loan was paid off – inaccurately reported otherwise to credit bureaus and (after the error was called to Regions' attention) failed to correct the problem or delete the negative information.

The United States Court of Appeals for the Seventh Circuit addressed a similar factual scenario just last year in *Purcell v. Bank of America*, **659 F.3d 622, 623-24 (7th Cir. 2011).**   Discussion of *Purcell* is aided by reference to several key provisions of the Fair Credit Reporting Act (FCRA).

**Section 1681s-2** establishes a duty to provide accurate information owed by those who furnish credit information to credit reporting agencies**.  Section 1681s-2(a)** prohibits providing information if the furnisher knows or has reasonable cause to believe that the information is inaccurate; specifically addresses the reporting of information once the furnisher has been notified by the consumer that the information is inaccurate; and imposes a duty to correct and update information.  **Section 1681s-2(c)** provides, however, that the private rights of action permitted under other portions of the FCRA are not available for violations of § 1681s-2(a).  Instead, enforcement of these provisions is the responsibility of state and federal agencies.

**Section 1681t(b)** – discussing the relation of the FCRA to state laws – provides that no requirement or prohibition may be imposed under the laws of any state with respect to any subject matter regulated under "section 1681s-2 of this title,

relating to the responsibilities of persons who furnish information to credit reporting agencies."[2]

In *Purcell,* the plaintiff alleged that Bank of America inaccurately reported to credit agencies that she was behind on her loan payments, even though plaintiff was current on the payments and the Bank knew that.  The Seventh Circuit held that if these allegations were true, Bank of America had violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(a), and perhaps state law as well.  The bank had removed the suit from state court to federal court and moved for judgment in its favor, because the FCRA does not create a private right of action for wrongful reporting of credit information by a furnisher such as a bank.  The district court dismissed the plaintiff's inaccurate reporting claim (the federal claim) with prejudice but dismissed the common law claims *without* prejudice to them being refiled in state court.  The Seventh Circuit reversed.

Writing for the Court of Appeals, Chief Judge Easterbrook reiterated that there is no private right of action for claims under § 1681s-2(a).  Instead, enforcement is left "in the hands of state and federal agencies."  *Purcell,* **659 F.3d at 623.**  Furthermore, the Seventh Circuit found that the district court had read § 1681t(b) – the preemption provision – too narrowly.  The district judge could not preserve state law claims that fell within the scope of § 1681s-2 (dismissing them without prejudice to refiling in state court), because that would "defeat the 1996 decision that administrative action rather than litigation is the right way to deal with false reports to credit agencies."  *Purcell,* **659**

---

[2]   Section 1681t and § 1681s-2(c) contain exceptions, but Plaintiffs do not claim that any of the exceptions would apply to their claim against Regions.

~ 6 ~

**F.3d at 626 (referring to the fact that § 1681s-2 was added to the FCRA in 1996, *with the provision that reporting to credit agencies would be enforced by state and federal administrative agencies rather than judges).***

The Seventh Circuit in *Purcell* held that the plaintiff's state law claims for defamation, invasion of privacy and negligence all were preempted by the FCRA. The Court directed the district judge to enter judgment for the bank "on all of Purcell's claim, state and federal alike." *Purcell,* **659 F.3d at 626.**

Based on *Purcell,* the undersigned Judge concludes that Plaintiffs' claims are preempted by the Fair Credit Reporting Act. *See also Nwoke v. Countrywide Home Loans, Inc.,* **251 Fed. Appx. 363 (7th Cir. 2007)(unreported decision in which Seventh Circuit held that FCRA preempted a borrower's state law negligence claim against mortgage lender for providing inaccurate information to credit agencies).** The undersigned Judge enjoys subject matter jurisdiction over Plaintiffs' claims under the federal question statute (28 U.S.C. 1331), so the Court denies Plaintiffs' motion to remand this case to state court.

The actions giving rise to Plaintiffs' claim against Regions are encompassed by the FCRA, which prohibits a furnisher from knowingly reporting inaccurate information 15 USC 1681s-2(a)(1)(A). Section 1681s-2(a) does not create a private right of action. Therefore, accepting as true Plaintiffs' well pled allegations and drawing in Plaintiffs' favor all reasonable inferences therefrom, the Court further concludes that Plaintiffs have failed to state a claim upon which relief can be granted.

Plaintiffs' claims merit dismissal with prejudice for failure to state a claim, under the holding of *Purcell.*

    C.    <u>Conclusion</u>

For all these reasons, the Court **DENIES** Plaintiffs' motion to remand (Doc. 12) and **GRANTS** Regions' dismissal motion (Doc. 2). Dismissal shall be with prejudice. The Clerk of Court shall enter judgment in favor of Regions and against Plaintiffs.

IT IS SO ORDERED.

DATED August 23, 2012.

<u>s/ *Michael J. Reagan*</u>
Michael J. Reagan
United States District Judge